## Ware v. Saufley.

(Decided February 28, 1922.)

## Appeal from Lincoln Circuit Court.

1. Highways—Automobiles—Personal Injuries—Negligence.—Drivers of vehicles on a public highway must observe the law of the road and keep to the right so as to allow other vehicles a reasonable opportunity to pass. If a driver of a buggy, after hearing the signal of an approaching automobile, persists in driving his buggy in the center of the road, and through his negligence in so driving the buggy, is struck and the driver injured, his negligence con-tributing thereto in such way that but for it he would not have been injured, he can have no recovery.

2. Highways—Automobiles—Duties of Driver of.—It is the duty of the driver of an automobile when he sees another vehicle in front on the public highway to exercise reasonable care to avoid coming in collision with it, and if need be bring his automobile to a full stop in order to avoid injury to the vehicle and its driver.

3. Highways—Automobiles—Personal Injuries.—The driver of an automobile or other vehicle has no right to strike or injure another vehicle or driver on a public highway merely because the latter is violating the law of the road by driving or being on the wrong side thereof, or because he obstructs the public high-way and interferes with the free passage of the automobile.

C. C. BAGBY, LEWIS L. WALKER and J. S. OWSLEY for appel-lant.

E. V. PURYEAR and G. D. FLORENCE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee Saufley sued appellant Ware in the Lincoln circuit court to recover damages for injuries to the per-son of Saufley, occasioned, as it is averred, through the negligence of appellant Ware in driving his automobile against the rear wheels of a buggy in which appellee Saufley was riding and from which he was thrown to the ground and injured. The jury awarded appellee Saufley

$500.00 damages. From a judgment upon this verdict Ware appeals to this court.

It is Ware's contention that the trial court erred to his prejudice in refusing to give certain instructions offered by him and in giving the instructions which the court gave to the jury. Saufley was riding in a buggy drawn by a mare, and Ware was driving an automobile, both going in the same direction on the pike leading from Hustonville to Danville. One Burch was riding in the buggy with Saufley when the automobile which Ware was driving approached from the rear. According to the evidence the automobile was going at the rate of fifteen or twenty miles per hour and was on a down grade. When in about 250 or 300 feet of the buggy Ware sounded the horn on his machine, and Saufley acknowledges that he heard the signal, but says that the buggy at that time was on the right hand side of the road, and that there was plenty of room on the left of the buggy for the automobile to pass. Ware disputes this, and says that the buggy was in the center of the road, and that it did not give an inch when he sounded his horn, nor at any time thereafter until the buggy was struck by the car; that on sounding the horn he expected and believed that the buggy would move to the right of the road and give him room to pass, and relying upon the usual custom in this respect he slowed down his car by putting on the brake and pushing out the clutch, and came up slowly behind the buggy expecting it to give enough room for him to pass, and in his effort to pass the buggy the automobile struck the hind wheel thereof and caused it to rear up. Saufley says that another automobile had just passed, coming from the same direction, and that he had not crossed over the thread or center of the road since the passing of the first machine. In fact he says that the sounding of the horn of appellant Ware's car was received by him almost immediately after the passing of the first car, and that he remained upon the right hand side of the road leaving ample room for an automobile to pass on the left of the buggy. Instruction No. 1 given by the trial court to the jury is erroneous, not in the particular set forth by appellant in his brief, but because it does not require the jury to believe from the evidence, before finding for the plaintiff, that the failure of Ware to exercise the duties imposed upon him by law was the direct and proximate cause of plaintiff Saufley's injury. Counsel for appellant

insists that the instruction is erroneous because it required. Ware in driving his automobile to exercise ordinary care, even to the stopping of the automobile, to prevent injury to persons in the buggy on the highway. Clearly this was his duty. One has no right to drive his automobile against another vehicle or person, and thus cause injury simply because the vehicle or person does not get out of his way. Every vehicle upon a highway is governed by the law of the road and must be observant thereof. If, as Ware contends, Saufley disregarded the signal and drove his buggy in the center of the pike so as not to leave reasonable room for Ware to pass with his car, and this failure of Saufley to observe the law of the road contributed to his injury, but for which the injury would not have happened, he can have no recovery. On the other hand, Ware was under the duty of keeping his automobile under control and to so manage and operate it as not to inflict injury upon others riding upon the highway. In approaching the buggy from behind Ware should have exercised reasonable care to pass the buggy without colliding with it, and if the buggy obstinately remained in the center of the road, it was his duty to bring his car to a full stop if necessary in order to avoid striking it and causing injury to the buggy or its occupants. But if in approaching the buggy from behind, Ware in good faith believed and had reasonable grounds to believe that the buggy was about to and would draw to the right of the road and give him space to pass, and while Ware had his car under control and anticipating that the buggy would move to the right of the road, he suddenly found that the buggy would not so move, and that he must either imperil the safety of himself and machine or that of the buggy, and he chose the latter course and struck the buggy, the law is for the plaintiff unless the accident would not have happened but for the negligence of the plaintiff, in which event the law is for the defendant. A driver of a vehicle, either motor or otherwise, has no right to obstruct the public highway by occupying the center thereof. If in doing so the driver or occupant of such vehicle is injured, contributory negligence is available as a defense. Ordinarily the driver of a buggy or team of horses will politely draw to the right side of the road, giving room for the passage of other vehicles. But this is not so of the big motor trucks and busses because they feel, in their weight and power,

they are secure from injury from small vehicles of all kinds. They proceed upon the theory that might·makes right, and thus do more to enhance the unpopularity of motor vehicles among the general public than any other one thing. Thus they become and are veritable road hogs and an abomination in the sight of all considerate drivers of vehicles.

On another trial of the case, if there be one, the court will instruct the jury as follows:

It was the duty of the defendant, Ware, while driving on the highway, to have his automobile under reasonable control, and to reduce the speed thereof to not exceeding fifteen miles per hour and sound a warning signal before passing or attempting to pass, from the rear, a vehicle on the road, and to use reasonable care to avoid striking such vehicle, and if you believe from the evidence that defendant Ware failed to observe any one or more of said duties and his failure in this regard directly caused his automobile to strike the buggy of plaintiff and injure him, the law is for the plaintiff, Saufley, and you will so find. Unless you shall further believe from the evidence that plaintiff Saufley was guilty of negligence in so driving his buggy on the highway, after he knew of the approach of the automobile of defendant, as to obstruct the passage of said automobile and thereby contributed to bring about the accident and injury of which the plaintiff complains, which accident and injury would not have happened but for the negligence of the plaintiff Saufley, in which event your verdict will be for the defendant, Ware.

To the foregoing instructions the court will add one on the measure of damages similar to No. 3 given upon the last trial, another defining ordinary care and negligence, and a fourth informing the jury that nine or more of their number may return a verdict, in the usual form.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.