Argazzi v. Reynolds.

MILO ARGAZZI, ADMINISTRATOR, vs. WILLIAM C.
REYNOLDS ET AL.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The jury might reasonably have found that while the automobile of
the defendant C was proceeding at high speed, a truck claimed
to be owned by the defendant R, attempted to pass it on the
left and that C thereupon increased his speed to such an extent
that when the truck turned to regain its right side of the road,
its rear end came in contact with the front of C's car, causing
it to run onto the shoulder of the road and, after proceeding
fifty or seventy-five feet, to strike a telephone pole, as a result
of which the plaintiff's intestate who was riding with C as a
passenger, was killed. The jury returned a verdict for the plain-
tiff against O and in favor of R. *Held* that the verdict against C
was a reasonable conclusion from the evidence.

Argued May 4th—decided June 11th, 1927.

ACTION to recover damages for the death of the
plaintiff's intestate, alleged to have been caused by
the defendant's negligence, brought to the Superior
Court in Hartford County and tried to the jury before
*Booth, J.;* verdict and judgment for $10,000 against
the defendant Edward Caffegan, from which he ap-
pealed. *No error.*

*DeLancey S. Pelgrift,* for the appellant (defendant
Edward Caffegan).

*Frederick J. Rundbaken* and *Morris Blumer,* for the
appellee (plaintiff).

BANKS, J.  Plaintiff's intestate was a passenger in
a Ford sedan, driven by the defendant Caffegan, which
came in collision with a truck claimed to be owned
by the defendant Reynolds, as a result of which plain-
tiff's intestate was killed.  The only error assigned in
the appeal is the denial of the motion to set aside the

verdict against Caffegan on the ground that it was against the evidence.

There was evidence from which the jury could reasonably have found the following facts: On the night of May 29th, 1926, plaintiff's intestate was riding as a passenger in the rear seat of a Ford sedan, driven by the defendant Caffegan, which was proceeding north on the road between North Haven and Wallingford. The car was being driven at a high rate of speed and passed a Studebaker car which was itself going at the rate of thirty-eight to forty miles per hour. A truck, claimed by the plaintiff to be that of the defendant Reynolds, also passed the Studebaker car and overtaking the Ford, proceeded to pass it. Caffegan, who had increased his speed as he passed the Studebaker car, continued to increase it as the truck drew alongside and attempted to pass, although he saw that it was cutting in toward him. The truck as it passed the Ford cut in too close to it and the right rear edge of the truck's body slightly clipped the left front fender or wheels of the Ford car. The Ford ran off onto the shoulder of the road and after proceedng between fifty and seventy-five feet struck a telephone pole, turned over several times, and came to a stop about thirty feet beyond the pole. The driver of the truck blew his horn before passing the Ford car, which was on its right side of the road, and which kept on its course without turning to the right, but leaving sufficient space for the truck to pass on its left.

Caffegan claims that the accident was caused solely by the negligence of the driver of the truck through his violation of the rule of the road in cutting in in front of him, that the speed of his (Caffegan's) car, even if excessive, could not have been the proximate cause of the accident, and that it was not his duty to slacken his speed as the truck was passing him. The

jury could reasonably have found that as the truck started to pass Caffegan's car, he speeded up in an attempt to prevent such passing and that such increase in his speed brought him in contact with the rear portion of the truck as it turned back to its right side of the road. If he had slackened his speed, or even maintained the same rate at which he was traveling just prior to the accident, it might not have happened. He was not bound, as matter of law, to slacken his speed as the truck started to pass, but he was bound to operate his car as a reasonably prudent person would under the circumstances, and the dangerous condition created when a driver increases his speed in order to prevent another car, which has come abreast of him, from passing, is a matter of common observation. The jury would have been justified in finding that Caffegan's act in increasing the speed of his car as the truck started to pass him was not, under the circumstances, the exercise of due care and was a proximate cause of the collision between the two vehicles.

The impact between the two vehicles was apparently slight causing a few scratches along the rear portion of the right side of the truck. The evidence would warrant a finding that Caffegan, if he had had his car under control, could have avoided collision with the telephone pole which, according to some of the evidence, was seventy-five feet from the point where the truck came in contact with his car.

Giving the weight which we are bound to give to the action of the trial judge in the exercise of his legal discretion, we cannot say that his refusal to set aside the verdict was an abuse of discretion.

There is no error.

In this opinion the other judges concurred.