REGAN, Judge.
Plaintiff, Ladd A. Dinkins, the owner of .a 1950 Chevrolet Station Wagon, which was operated by his wife, instituted this suit against the defendants, Jackson Brewing Company and its insurer, The Employers’ Liability Assurance Corporation, Ltd., endeavoring to recover the sum of $5'18.13, representing property damage incurred to his Station Wagon, on December 19th, 1950, at 9:30 a.m. as the result of a collision in the intersection of Coliseum and Foucher Streets, in the City of New Orleans, with a ■truck and trailer owned by the defendant, Jackson Brewing Company and operated by its employee, Dominick J. Casería.
Defendants answered and denied that the •operator of the truck was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence •of plaintiff’s wife, Mrs. Cecile Airey Dink-ins.
From a judgment in favor of defendant ■dismissing his suit, plaintiff has prosecuted this appeal.
The record reveals that the only eye witnesses to the accident were Mrs. Dinkins and the operator of defendant’s truck. Mrs. Dinkins testified that she was driving in the center of Coliseum Street, ten to fifteen miles per hour, away from Louisiana Avenue and towards Foucher Street; defendant was driving to the right of center of Foucher Street, five to ten miles per hour, away from Prytania and towards Coliseum Street; when she was approximately one ■car length removed 'from the intersection, she observed, to her right, defendant’s truck in Foucher Street about one or two truck and trailer lengths removed from Coliseum Street; “I saw the truck and I was sure that he saw me * * * but I was so much ■closer to the intersection than he was that I thought he was going to stop”; that the rear wheels of her car had crossed the center of the intersection and “it was a complete surprise to me when I was hit * * * on the right rear fender * * * by his front bumper * * * and turned over * * * the top (of her car) hit a car that was parked on the uptown river corner of Foucher and Coliseum Streets”; when.the collision occurred “I put my brakes on right away and the truck weighed so much * * * it pushed us a little way with the brakes on * * * the skid marks began two or three feet beyond the middle (center of the intersection) of the street and they went toward the * * * uptown river corner of Foucher (for about fifteen or twenty1 feet) * * * in a diagonal fashion.” Mrs. Dinkins further testified that much construction work was in progress in this area of Touro Infirmary and consequently the contractors had erected one “shack” on the right side of Coliseum Street fifteen or twenty feet removed from Foucher Street and another “shack” on the left side of Foucher Street near the comer of Coliseum Street; the contractors’ “shacks” were erected so that they protruded into both Coliseum and Foucher Streets;- there were no conventional “stop signs” erected at the intersection regulating traffic on either street; and that good visibility of traffic in Foucher Street was limited “on account of the shack.”
The operator of defendant’s truck and trailer, Dominick J. Caserta, testified that he was driving in about the center of Foucher Street, “no more than five or ten miles an hour, and I slowed up, just coasted along before Coliseum Street, looked to my right and looked to my left, and looked to my right, and I hit it. Finally I knew I hit a station wagon * * * I got her on the (right) rear fender. * * * She was going between fifteen and twenty miles (although he admitted that he did not see plaintiff’s car in motion so as to judge the speed) * * * she got to the intersection first * * * (when did you first see 'her car?) the minute of the impact * * * (why didn’t you see her before the impact *54 took place ?) Well, they had a kind of glare, and the second time I looked the glare on the windshield got me; it caught my eye. The sun was shining * * * (when did the glare strike the windshield?) As I approached the corner there * * * (when this sunlight was on the glass is that the time' you noticed she was in front of you, or did you notice she was in front of you before you hit her ?) * * * I didn’t notice her car * * * (when you ran into Mrs. Dinkins’ car she had completed the major portion of the crossing?) I say about half.”
Plaintiff contends that the proximate cause of the accident was the negligence of the operator of defendant’s truck in that he continued into the intersection when his vision thereof was blinded by the “glare” and, in the alternative, if Mrs. Dinkins was contributorily negligent, then, in that event, defendant’s driver had the last clear chance to avoid the collision.
Defendants, in opposition thereto, point to the Traffic Ordinance No. 13 702 C.C.S. of the City of New Orleans, Article S, paragraph 15 (a) which reads: “ * * * The operator of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right.” Therefore, since both vehicles entered the intersection at the same time, Mrs. Dinkins, the driver of the vehicle on the left, should have yielded to defendant’s driver, who approached the intersection from Mrs. Dinkins’ right.
Defendants in further opposition to plaintiff’s right to recover aver that if we should find the operator of defendant’s truck guilty of any negligence which contributed to the accident, then, in the alternative, defendants plead the contributory negligence of Mrs. Dinkins, plaintiff’s wife.
In innumerable opinions encompassing intersectional collisions we have reiterated that the record was embellished with disputations ad infinitum and that the only accord in the testimony of the litigants and their respective witnesses was the continuity of their discord. However, this case furnishes the exception to our general experience since it involves no' factual disputations relative to the essential or fundamental aspect of the collision.
The testimony of the operator of defendant’s truck and trailer, Casería, unequivocally substantiates the obvious conclusion that he was guilty of negligence in endeavoring to enter the intersection at a moment when he was blinded from the reflected light of the sun or, in his own words, “the glare on the windshield got me, it caught my eye. The sun was shining * * * ” which effectively prevented him observing that which he should have seen and per se constituted as much negligence as though he had driven across this intersection with his eyes dosed.
By the same token the testimony of Casería also relieves Mrs. Dinkins of defendants’ charges of negligence. He stated' that she was “driving between fifteen and’ twenty miles” per hour; he was driving “no more than five or ten miles an hour”; “she got to the intersection first”; “I got her on the (right) back rear fender” and that when he drove into the right rear fender of Mrs. Dinkins’ car she had completed ‘T say about half” of the intersection.
A casual reading of Mrs. Dinkins’ testimony will indicate that it has been confirmed and substantiated by Casería in all of its essential aspects.
In our opinion the proximate' cause of the accident was the negligence of defendant’s employee, Caserta. “ * * * if two vehicles approach an intersection at proper speeds (neither of which is a right of way street) and with the exercise of ordinary precautions and yet one enters sufficiently in advance of the other to- justify the belief that it may continue across without danger, it may do so regardless of the-fact that the other has approached from the right and would have had the right of way but for the advanced position of the first.” Sheehan v. Hanson-Flotte Co., La.App., 1948, 34 So.2d 657, 660.
Plaintiff contends that because of the property damage which his 1950 Chevrolet Station Wagon incurred by virtue of the-collision, he is entitled to recover from the- *55 defendants the sum of $518.13, which he itemizes as follows:—
Cost of initially repairing the car $392.83
Subsequent repairs 25.30
Depreciation of the Station Wagon as a result of the accident 100.00
$518.13
The record discloses that plaintiff has adequately proven property damage incurred to his Station Wagon in the sum of $392.83, however, the items for depreciation and subsequent repairs were not sufficiently proven so as to formulate a proper basis for a judgment of this court.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of plaintiff, Ladd A. Dinkins, and against the defendants, Jackson Brewing Company and The Employers Liability Assurance Corporation, Ltd. in the sum of $392.83, and for all costs.
Reversed.