**ROUSH, Plaintiff-Appellee, v. HILLMAN et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5123.   Decided November 1, 1954.

Knepper, White, Richards, Miller & Roberts, Andrew J. White, Jr., Dale F. Miller, of Counsel, Russ Bothwell, Columbus, for plaintiff-appellee.

Jenkins, Williams, Wendt, Murray & Deeg, Gordon E. Williams, of Counsel, Columbus, for defendant-appellant, Home Dairy.

(MONTGOMERY, PJ, of the Fifth District, GRIFFITH and NICHOLS, JJ, of the Seventh District, sitting by designation.)

## OPINION

By GRIFFITH, J.

This is an appeal on questions of law by defendant Home Dairy from a judgment entered jointly against it and defendant Byron W. Hillman in the Court of Common Pleas. Plaintiff brought this action for personal injuries against the two joint defendants. Upon trial the plaintiff recovered a verdict in the sum of $8750.00 against both and judgment was rendered thereon.

The collision occurred on U. S. route 33, two and one-half miles north of Lancaster, on Sunday, June 17, 1951, at about 10:00 o'clock in the morning. Plaintiff was riding in the rear seat of a Chevrolet automobile being operated in a southerly direction by his wife. Byron Hillman, one of the defendants, was driving his own Dodge dump truck in a northerly direction and the truck of the other defendant, Home Dairy, was being operated in the same direction by one of defendant's employees, John Anderson. The accident involved a collision between the northbound Dodge dump truck being operated by the defendant Hillman and the southbound Chevrolet. At the time of the collision the Home Dairy truck was south of the point of collision and it neither struck nor was it struck by either of the other vehicles. The highway is two-laned about 21 feet in width. The collision occurred a few feet north of a culvert. The distance between the rails on the culvert is 30 feet. The approach to the culvert for northbound traffic is down grade from the crest of the hill which is something over 800 feet south therefrom. The road declines for a distance of about 450 feet to the Lithopolis road which joins route 33 from the west. At Lithopolis road route 33 levels out and is level a distance of about 450 feet to the point of collision. The highway makes a long sweeping curve to the east or right as one passes Lithopolis road traveling north.

Defendant Hillman's truck had been following the Home Dairy truck for some distance prior to reaching the crest of the hill. After

Hillman had passed the crest of the hill he attempted to pass the Home Dairy truck and according to his testimony he had completed the overtaking and passing of the truck when the southbound Roush Chevrolet automobile, which was approaching from the north went out of control, swerved across the highway and into his path and struck his truck. There appears little dispute as to the fact that the driver of the Roush Chevrolet lost control of it, traveling over 60 feet with the right wheels of the car off on the berm on the west side of the highway, and then, perhaps in attempting to regain control, it swerved diagonally across the highway in a half circular sweep into the northbound lane of travel. The record discloses that Anderson was driving the Dairy truck at a speed of less than 50 miles per hour prior to the collision and was on his own east traffic lane of the highway. After Anderson left the brow of the hill Hillman attempted to pass him. There is a specific duty imposed on Hillman to ascertain that the road is free of approaching traffic before he attempts to pass. Anderson was required to give way to the right in favor of Hillman and prohibited from increasing the speed of his truck until the passing has been completed. He must not attempt to prevent the passing by increasing his speed. The record is barren of any testimony that Anderson increased his speed. Anderson had a right to assume that Hillman had assured himself that his passing could be made with safety in that the road ahead was clear and free of approaching traffic for a sufficient distance. **Swoboda v. Brown, 129 Oh St 512.** As soon as he saw the Roush car approaching and became aware of the emergency he applied his brakes and the Dairy truck did not strike either the Roush automobile or Hillman's truck. The crucial question in this case is this: Should Anderson at some earlier moment before he observed the Roush car have reduced his speed? Was there a duty imposed upon him under common law negligence to exercise ordinary care under the circumstances? If the conditions were such that ordinary care would prompt a reasonably prudent person to slow down to give Hillman a chance to pass him and get on the right side of the road before the Roush car interfered, was not that a question for the jury under all the evidence in the case? Plaintiff charges concurrent negligence on the part of both defendants, that the defendant Hillman operated his truck to the left of the center of the road; that he failed to keep a lookout and operated his truck at a speed greater than was reasonable and proper and that he continued at an unabated speed after becoming aware of the peril of the impending collision.

The Home Dairy defendant is charged with operating the milk truck at a greater rate of speed than was reasonable and proper under the circumstances, to wit, 50 miles per hour, and that it continued at an unabated speed into the bridge or culvert with the view ahead obscured and on a curve. As to the charges against Hillman, except as they relate to the whole picture, we are not concerned since he did not appeal, the Home Dairy being the only appellant.

The Court charged that no person shall operate a motor vehicle upon the highways at a speed greater or less than is reasonable or

proper having due regard to the surface or width of the highway and any other conditions. (Sec. 4511.21 R. C.) It also charged that an overtaken vehicle, at the overtaking vehicle's audible signal, shall not increase the speed of his vehicle until completely passed by the overtaking vehicle. (Sec. 4511.27 R. C.) It also charged that no vehicle shall be driven to the left of the center line of the roadway overtaking another car unless such left side is clearly visible and is free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction. (Sec. 4511.29 R. C.)

The Court in its charge said:

"On the other hand, it is charged that he drove at a speed greater than reasonable and proper, and continued at an unabated speed into and upon the bridge. Now, that brings up the question of whether he was guilty of what we know in law as negligence as a matter of common law, did he fail to exercise ordinary care, and ordinary care is the care as the ordinary, prudent person would exercise under the same or similar conditions. If the condition was such that ordinary care would prompt the ordinary, prudent person to slow down to give the overtaking vehicle a chance to get in on the right side of the road before the on-coming traffic would interfere, then that would be negligence, not as a matter of law, that is statutory law, but as a matter of common law. There was here an emergency and it is a question for the jury to determine under those circumstances, because of the oncoming vehicle there, whether it was the duty of Anderson to slow down to permit the other truck to get into the right side of the highway."

The defendant Home Dairy insists that the contention that it should have reduced its speed at some earlier moment prior to the time that it became aware of the emergency, imposed upon it a duty which it did not owe and which at that time did not exist. Every rule of law must be construed in the light of existing conditions and surrounding circumstances. In the light of conditions as shown by this record, we are of opinion that it was a jury question and that the question was properly submitted to the jury for its determination. Beyond the duty imposed by statute (§4511.27 R. C.) Home Dairy was chargeable with exercising ordinary care under all the circumstances and its full compliance with this section of the Code did not absolve it from its common law duty. By its verdict in plaintiff's favor against both defendants, the jury must have determined that Home Dairy in the operation of its truck prior to the time its driver Anderson became aware of the emergency, failed to exercise ordinary care and that his conduct directly contributed to the creation of the emergency and was a producing cause of the collision.

The fundamental rule is stated in **Hamden Lodge v. Ohio Fuel Gas Co., 127 Oh St 469,** wherein the 4th syllabus holds:

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

232

The evidence as a whole was such that reasonable minds could differ on this question.

The trial judge did not err to Home Dairy's prejudice in overruling its motion for a directed verdict made at the close of all the evidence, nor in overruling its motion for judgment non obstante veredicto, and the judgment on the verdict is not contrary to law.

Judgment affirmed.

MONTGOMERY, PJ, NICHOLS, J, concur.