**Harry J. SYPHERD, Administrator of the Estate of Dale L. Sypherd, deceased, Plaintiff-Appellee,**

**v.**

**HAECKL'S EXPRESS, INC., Defendant-Appellant.**

**No. 15727.**

United States Court of Appeals Sixth Circuit.

Feb. 9, 1965.

---

Clifford R. Curtner, Dayton, Ohio, for appellant, Curtner, Selva, Parkin & Seller, Dayton, Ohio, on the brief.

Samuel A. McCray, Dayton, Ohio, for appellee, Smith & Schnacke, Dayton, Ohio, on the brief.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This case grows out of a traffic accident on Highway U. S. 40 between Dayton, Ohio, and Richmond, Indiana, on March 3, 1962, resulting in the death of Dale Sypherd, a twenty-one year old lieutenant in the U. S. Air Force. Three vehicles were involved: A Corvette operated by the decedent, Sypherd; a tractor-trailer owned by Haeckl's Express, Inc., defendant-appellant; and a Volkswagen owned and operated by defendant Abbott, who was accompanied by his wife.

The action was brought by the administrator of the decedent's estate against Haeckl's Express, Inc. and Abbott, charging negligence on the part of both defendants. Jurisdiction is based upon diversity of citizenship. The jury returned a verdict of $25,000 against both defendants. Defendant Abbott did not appeal.

The accident was a collision between Haeckl's tractor-trailer and the Corvette driven by decedent. It occurred on a heavily traveled two-lane east-west highway. Abbott's Volkswagen was eastbound and had been following the truck

and attempting to overtake and pass it for some distance, but had been prevented from doing so because of oncoming traffic. At a point approximately 0.65 of a mile west of the place where the collision occurred, Abbott pulled his Volkswagen out from behind the truck and increased its speed in an effort to pass. While the Volkswagen was attempting to pass the truck, decedent's Corvette was approaching from a westwardly direction. As the Volkswagen and Corvette approached each other, it became apparent that the Volkswagen would not pass the truck and reenter its own right-hand lane of traffic, and that a collision was imminent. In an effort to avoid a wreck, the drivers of the Volkswagen and Corvette each swerved off the pavement onto the northern berm, still headed directly toward each other. Decedent thereupon swerved his Corvette back onto the pavement and in doing so lost control of the car, skidded across the center of the highway and collided with the rear wheels of the cab of Haeckl's truck. It is not disputed that the truck was on its own right-hand side of the highway at the time of the collision and at all relevant times immediately prior thereto.

The negligence charged against Haeckl's Express is that the truck driver increased the speed of the tractor-trailer while Abbott's Volkswagen was attempting to overtake and pass the truck, thereby preventing the Volkswagen from completing its passing maneuver and leaving it directly in the path of the oncoming Corvette; and that Haeckl's driver thereby was guilty of negligence proximately causing the accident.

The trial judge, Honorable Carl A. Weinman, submitted to the jury the issue of negligence on the part of Abbott, the issue of negligence on the part of Haeckl's Express, the issue of contributory negligence on the part of plaintiff's decedent, the issue of proximate causation, and the issue of damages. After the jury had returned its verdict, the district judge overruled Haeckl's motion for judgment n. o. v., or in the alternative for a new trial.

Three questions are raised on this appeal: (1) Was there any evidence of negligence on the part of Haeckl's Express to support the verdict of the jury? (2) Is plaintiff's right of action barred as a matter of law by contributory negligence on the part of plaintiff's decedent? and (3) Did the district judge commit reversible error in his charge to the jury?

### 1) Haeckl's Negligence

Section 4511.27 of Page's Ohio Revised Code provides as follows:

"(B) Except when overtaking and passing on the right is permitted, the operator of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle at the latter's audible signal, and he shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

It is contended by appellee that the driver of Haeckl's truck increased the speed of the truck while Abbott's Volkswagen was in the act of passing, in violation of this statute and in disregard of the driver's duty to exercise ordinary care under the circumstances in the operation of the truck.

■ The rule in Ohio is that an appellate court in reviewing a jury verdict must view the evidence in the light most favorable to the party prevailing in the trial court. McMurtrie v. Wheeling Traction Co., 107 Ohio St. 107, 111, 140 N.E. 636; Industrial Commission v. Pora, 100 Ohio St. 218, 125 N.E. 662. Accordingly we view the evidence in the light most favorable to plaintiff and disregard the conflicting evidence that is unfavorable to plaintiff.

The record contains substantial evidence from which the jury could have found that the truck driver increased his speed after he observed through his rear-view mirror that the Volkswagen was in the act of passing the truck. Both Mr. and Mrs. Abbott testified positively to this effect. The truck driver testified that he did not increase his speed and was never traveling faster than 48–50

miles per hour. He stated that the truck was equipped with a governor which was in good working order and was set at a limit of 54 miles per hour. The driver admitted, however, that after he had observed through his rearview mirror that the Volkswagen had pulled around him in the left traffic lane in an effort to pass, he "continued with his accelerator down as far as it would go." At another point in his testimony the truck driver admitted that his "foot remained on the accelerator at the floorboard that entire distance" and that the truck was going "as fast as it could go." He said that he did not take his foot off the accelerator until he saw the Corvette "coming into me." A civil engineer at the University of Dayton testified that for a distance of approximately 0.65 miles west of the point of collision the grade of the highway was "down hill" and that there were no "level spots" in this distance. The truck driver admitted that the governing device, which was designed to limit the maximum speed of the truck, limited the turn of the motor and did not work through the braking of the wheels. He further admitted that when the truck was going down hill the motor would run at its full speed and gravity would make the truck run faster. Thus there was testimony from which the jury could have found that the speed of the truck increased after the truck driver saw the Volkswagen begin its passing maneuver, in that the truck was proceeding downgrade with its accelerator pressed to the floor.

We find this issue to be controlled by Roush v. Hillman, 134 N.E.2d 170 (Ct. App.) in which the facts are strikingly analogous to the case at bar. The Ohio Court of Appeals held that the trial judge correctly submitted to the jury the question of whether a truck driver was guilty of actionable negligence in increasing his speed or failing to reduce his speed after he was aware that another vehicle was undertaking to pass him. In that case the court found that there was no evidence that the truck driver increased his speed, but affirmed the judgment on the ground that the truck continued at an unabated speed and failed to slow down after the driver became aware of the passing maneuver. The court said:

"In the light of conditions as shown by this record, we are of opinion that it was a jury question and that the question was properly submitted to the jury for its determination. Beyond the duty imposed by statute, R.C. § 4511.27, Home Dairy was chargeable with exercising ordinary care under all the circumstances and its full compliance with this section of the Code did not absolve it from its common law duty. By its verdict in plaintiff's favor against both defendants, the jury must have determined that Home Dairy in the operation of its truck prior to the time its driver Anderson became aware of the emergency, failed to exercise ordinary care and that his conduct directly contributed to the creation of the emergency and was a producing cause of the collision." 134 N.E.2d at 172.

Haeckl attempts to extricate itself by contending that R.C. § 4511.27 (B) does not apply because Abbott gave no audible signal as required by the statute. It is undisputed that Abbott did not blow his horn signalling his intention to pass.

The driver of the truck testified that Abbott had previously attempted to pass but had been forced back by oncoming traffic; that he observed Abbott when he was pulling out into the passing lane; that he looked in front and saw oncoming traffic; that he believed that this passing maneuver could be made safely; and that he watched in his mirror until Abbott was about even with the rear tractor wheels, at which time the Volkswagen driven by Abbott passed in the "blind spot" on the mirror. It would indeed be an anomalous result to say the absence of an audible signal would render R.C. § 4511.27(B) inoperative in a case where the driver of the overtaken vehicle had actual knowledge of a second vehicle's attempt to pass. Whatever may have

been Abbott's negligence in not sounding a warning of his intention to pass, or his failure to ensure a clear road ahead before passing, this would not affect submission to the jury of the issue of Haeckl's concurring negligence.

■ We hold that the issue of the negligence of Haeckl's Express was for the jury to determine on the record in this case, Segal v. Cook, 329 F.2d 278 (C.A.6), and there is substantial evidence from which the jury could have reached the conclusion that the truck driver was guilty of negligence which was a proximate cause of the death of Lt. Sypherd.

2) Sypherd's Contributory Negligence

■■ Haeckl contends that plaintiff's decedent was guilty of contributory negligence as a matter of law, thereby barring recovery.

In Taylor v. Cirino, 321 F.2d 279 (C.A. 6), an automobile attempted to pass a tractor-trailer. Defendant's automobile was approaching from the opposite direction. In attempting to avoid a collision she turned onto the shoulder of the road. The car then swerved across the road, and collided head-on with the truck which was on its own right side of the road. The automobile which had started the passing maneuver did not touch either of the other vehicles. The district judge ruled as a matter of law that the defendant was confronted with an emergency of such a nature as to relieve her of liability. This court reversed, saying:

> "The fact that it may not actually have been necessary for defendant to have driven on the shoulder of the road does not establish her negligence if defendant, confronted with an emergency, had good reason to believe that it was. But whether she acted reasonably under the circumstances in driving off the pavement and attempting immediately to return was, in our opinion, for the jury and not the court to determine." 321 F.2d at 283.

Similarly in this case we hold that it was for the jury to determine whether under the facts and circumstances here involved, plaintiff's decedent was guilty of contributory negligence in driving off the pavement. In Ohio, it is the general rule that questions of contributory negligence are ordinarily issues of fact for the jury. Baldridge v. Wright Gas Co., 154 Ohio St. 452, 459, 96 N.E.2d 300; Babbitt v. Say, 120 Ohio St. 177, 183, 165 N.E. 721; Buell v. New York Central Rd. Co., 114 Ohio St. 40, 150 N.E. 422.

3) Instructions to Jury

■ Appellant makes numerous contentions to the effect that the trial judge erred in various parts of his charge to the jury. Without lengthening this opinion with details, we find that the charge considered as a whole was fair and adequate, and did not result in substantial prejudice to appellant. Ohio Farmers Insurance Co. v. Cochran, 104 Ohio St. 427, 135 N.E. 537; Eaton v. Askins, 95 Ohio App. 131, 135, 118 N.E.2d 203; Southern Railway Co. v. Jones, 228 F.2d 203, 211 (C.A.6). As said by this court in Cobb v. Union Railway Company, 318 F.2d 33, 37 (C.A.6), cert. denied, 375 U.S. 945, 84 S.Ct. 352, 11 L.Ed.2d 275:

> "Flaws can be found in almost any charge by separating certain paragraphs from the whole. Thus, the charge must be considered as a whole to determine whether it gives the jury a correct understanding of the propositions which they are to decide and the pertinent principles of law which shall guide them in their decision."

In any event we find that the errors and omissions in the charge of the district judge complained of by appellant did not affect the substantial rights of appellant and do not require reversal. 28 U.S.C. § 2111.

The judgment of the district court is affirmed.