**Norman CARRUBA, Appellant,**

**v.**

**Myrtle SPENO et al., Appellees.**

Court of Appeals of Kentucky.

May 12, 1967.

As Modified on Denial of Rehearing
Oct. 6, 1967.

William A. Rice, Harlan, William S. Tribell, Middlesboro, Charles E. Duncan, Louisville, for appellant.

Cawood Smith, Harlan, Farmer Helton, Robert R. R. Boone, Patterson & Berger, Pineville, for appellees.

STEINFELD, Judge.

From a judgment of $22,000.00 in favor of Myrtle Speno, Norman Carruba appeals and from the adjudication that the judgment should be credited by $9,000.00 which was paid in settlement by Veto Speno, through his insurance carrier, Myrtle Speno cross-appeals. The judgment was to compensate for the injuries Mrs. Speno received in an automobile accident.

On the 21st day of January, 1962, Myrtle Speno was a passenger in a Falcon automobile owned and driven by her husband, Veto Speno. They were proceeding eastwardly on U. S. Highway 119 in Bell County at a point between Pineville and Harlan. At the same time a 1948 Chevrolet moving van owned by Norman Carruba was being driven by Isom Woods, an employee of Carruba, in the same direction and along that same highway. Carruba was riding in the truck. The highway was a two-lane paved asphalt road and in the direction in which they were going, for at least .2 of a mile, it was generally straight with the grade gradually upward.

The Falcon overtook the truck and attempted to pass it. When the Falcon reached the rear of the truck the automobile was traveling about 28 or 29 miles per hour and Mr. Speno gradually increased its speed to about 45 miles per hour. As the Falcon attempted to pass the truck, Woods speeded up from approximately 28 or 29 miles per hour to 50 miles per hour. (There is some conflict in the testimony regarding the speed.) The efforts to pass the truck continued for about .2 of a mile and the Falcon managed to get about even with the cab of the truck so that Mrs. Speno could look directly to her right into the window of the left cab door of the truck. There is also conflicting testimony as to whether Mr. Speno sounded his horn on one or more occasions.

While Mr. Speno was trying to pass the truck Mrs. Speno saw an Oldsmobile automobile approaching in the opposite direction when it was about 1,500 feet ahead. Mr. Speno made no effort to stop or drop back for the reason, he said, that he thought he could get around the truck. Mrs. Speno says that the truck swerved and there was a collision between it and the Falcon (this is denied by Carruba) and almost simultaneously the Falcon collided with the Oldsmobile. She was severely and permanently injured to the extent that at the time of the trial she was confined to a wheel chair and the testimony showed that she would never be able to walk.

Mrs. Speno brought suit against her husband and Carruba. She alleged that there was separate and concurrent negligence on the part of the two drivers which resulted in the collision and the severe injuries which she sustained. She claimed $5,000.00 for medical expenses incurred and to be incurred; $10,000.00 to reimburse her for nursing and assistance about her home and $35,000.00 for pain, suffering and the permanent loss of her power to earn money.

Carruba answered, and after denying any negligence on his part or the part of his driver, claimed that the accident was the proximate result of the sole carelessness and negligence of Mr. Speno.

Mr. Speno did not answer; however, Mrs. Speno moved that her action against Mr. Speno be dismissed because a settlement had been reached on her claim against him. She reserved her rights against Carruba. It was shown later that Mrs. Speno had received $9,000.00 from the insurance carrier of Mr. Speno in full settlement of her claim against her husband. The motion to dismiss as to Mr. Speno was sustained on February 1, 1963.

On May 10, 1963, Carruba filed a third-party complaint against Mr. Speno in which he claimed that the injuries which Mrs. Speno sustained were the proximate result of the carelessness and negligence of Mr. Speno. He demanded that if Mrs. Speno recovered against him that he " * * * recover of * * * Veto Speno, all, one-half

or some other proportionate part of such damages as may be awarded * * *" Mrs. Speno. The court authorized that the third-party complaint be filed. CR 14.01. After appropriate pleadings raising all issues discussed in this opinion, including the claim that in the event Mrs. Speno was awarded judgment against Carruba he was entitled to have the judgment credited with and reduced to the extent of the $9,000.00 paid Mrs. Speno, the case proceeded to trial.

The jury awarded Mrs. Speno $22,000.00 " * * * against Norman Carruba, truck driver." The court entered judgment for Mrs. Speno against Carruba for the $22,000.-00; credited the award by $9,000.00 and authorized Mrs. Speno to have execution for the balance, $13,000.00. The court dismissed the third-party claim of Carruba against Mr. Speno. Motions made by Carruba for a new trial and for a judgment notwithstanding the verdict were overruled. Carruba appealed from the judgment against him and Mrs. Speno filed a cross appeal predicated upon the claim that $9,000.00 should not have been credited on the judgment.

Carruba relies upon United Coach Corporation v. Finley, 243 Ky. 658, 49 S.W.2d 544; Pedigo v. Osborne, 279 Ky. 85, 129 S.W.2d 996 and Ware v. Saufley, 194 Ky. 53, 237 S.W. 1060, 24 A.L.R. 500, to support his claim that the sole cause of the collision was the failure of Mr. Speno to drop back when it was apparent that the driver of the truck would not be overtaken and that Mr. Speno could not pass it in safety. Our attention is directed to 8 Am.Jur.2d page 338 which announces the rule that "Upon the failure or refusal of the overtaken motorist to give way upon signal from the overtaking motorist of his desire to pass, the latter is not justified in persisting in his attempt to pass * * *".

The United Coach case stands for the proposition that the driver of the car attempting to pass is negligent if he continues his efforts to pass when it would become " * * * reasonably apparent to a driver of ordinary prudence in his situation that the approaching car is so near, or is traveling at such a high rate of speed as to make it dangerous to continue the attempt, * * *". Finding that situation it was said that " * * * he should slacken his speed and use ordinary care to get over on the right-hand side of the road and fall in behind the car in front." The Osborne case was an action between the operators of cars going in the opposite direction and was reversed because of erroneous and prejudicial instructions. The opinion stated that Osborne was guilty of negligence in attempting to pass the automobile going in the same direction in which he was traveling; nevertheless, it was the duty of the approaching automobile to use ordinary care to discover Osborne's peril and to use the means at his hands to avoid the collision. Ware v. Saufley, supra, was an action in which it was alleged that the defendant, Ware, drove his automobile against the wheels of a buggy in which Saufley was riding. Plaintiff and defendant were both going in the same direction. The issue was whether Ware exercised reasonable care in attempting to pass the buggy. The cases cited by Carruba did not involve a claim by a passenger and are not authority in support of the contention that Mr. Speno was the sole cause of the collision.

Under instructions, not questioned on this appeal, the jury considered the sharp issue of whether the driver of the truck failed to perform the duties imposed on him and thereby was negligent. On the third-party claim there was submitted the issue of the negligence of Mr. Speno. (The appellant did not suggest upon the trial, nor has he argued here, that Speno violated the passing statute, KRS 189.340(3), and therefore should have been held negligent as a matter of law.) The jury found the truck driver negligent and Mr. Speno free of negligence. These were questions for the jury. Lever Bros. Co. v. Stapleton, 313 Ky. 837, 233 S.W.2d 1002; Acres v. Hall's Adm'r, Ky., 253 S.W.2d 373; Eichstadt v. Underwood,

Ky., 337 S.W.2d 684. The contention that Mr. Speno was the sole cause of the mishap is without merit.

Mrs. Speno claimed that Carruba's driver violated the duties required of him relative to the Falcon in its efforts to overtake him. Specifically, she claimed that there was failure to keep the truck under reasonable control as required by KRS 189.290; that he failed to give way to the Falcon which was a duty imposed on him by KRS 189.300 (2) and that he completely ignored the requirement set forth in KRS 189.350(2). These statutes generally imposed upon the driver being passed the duty to exercise care for the passing vehicle and to assist it in getting by without mishap.

■ Carruba contends that his driver was not guilty of violating any statute or duty and that the acts of Mr. Speno were the proximate cause of the collision; that even if his driver was also at fault his blame was not a proximate cause. We agree with his statement that "proximate cause is an essential element." 7 Am.Jur.2d 916, section 369. There was conflicting testimony as to whether the driver of the truck knew or should have known of the efforts of the Falcon to pass and as to whether the truck driver failed to perform the duties imposed on him by the statutes we have referred to. The issue of "proximate cause", where the facts are in dispute, is for the jury. Fullenwider et al v. Brawner, 224 Ky. 274, 6 S.W.2d 264; State Highway Com. v. Hall, 274 Ky. 586, 119 S.W.2d 666.

■ The testimony of Mrs. Speno hereinbefore summarized concerning the efforts to pass the truck was evidence of probative value which the jury could consider on the question of proximate cause. The physical facts revealed that if the driver of the truck had permitted the Falcon to pass it, there was ample room for it to have done so in safety. If appellees' proof is to be accepted the acts of the truck driver were a proximate cause of the collision and the

jury so found. Argazzi v. Reynolds, 106 Conn. 281, 137 A. 857. In Christensen v. Sheldon, 245 Iowa 674, 63 N.W.2d 892, 48 A.L.R.2d 522 where the facts are quite similar to those in this case, the court held that the manner of driving the truck was a proximate cause of the collision with the oncoming car. We agree. The driver of the vehicle being passed may not ignore the passing car. Ironside v. Ironside, 188 Okl. 267, 108 P.2d 157, 134 A.L.R. 621.

Carruba contends that there was insufficient proof of probative value to support the jury's verdict and he asserts that the burden was on Mrs. Speno to prove that his driver was negligent. There was a sharp issue as to whether or not there was a collision between the truck and the Falcon. In this case we consider the question of whether such collision occurred to be relatively unimportant. The alleged negligence was predicated also on the failure of the truck driver to permit the Falcon to pass and to assist it in its efforts to do so. The truck driver admitted that he did not see the approaching Oldsmobile which may have indicated to the jury that he was failing to drive carefully. KRS 189.290(1). There was sufficient evidence before the jury on which, if it so determined, it could find Carruba's driver guilty of negligence. Rowe v. Gibson, Ky., 309 S.W.2d 173; Reader v. Ottis, 147 Minn. 335, 180 N.W. 117, 16 A.L.R. 463; Warlich v. Miller (CA 3 Pa) 141 F.2d 168; Sypherd v. Haeckl's Express, Inc. (CA 6 Ohio) 341 F.2d 65; Delph v. Ammons, 239 Md. 662, 212 A.2d 504. The cases cited by appellant do not hold to the contrary.

■ The jury found that Mr. Speno was guilty of no negligence and that Carruba alone was negligent. Applying the test set out in Lever Bros. Co. v. Stapleton, supra, we find that there was sufficient evidence of probative value to support the verdict.

Appellant asserts that the instruction in regard to medical expenses was erroneous

in that the jury was authorized to make an award in excess of the amount which was proved. The instruction complained of informed the jury that if it found for the plaintiff it could award " * * * medical bills expended directly resulting from the accident not to exceed the sum of $5,000.00." Appellant objected to that instruction because the proof showed that the medical bills already incurred were less than $3,000.00.

He further objected on the ground that the instruction did not require the jury to " * * * set out in their verdict the amount, if any, they award the plaintiff for each particular item of damages * *." Appellant complains that this instruction was so prejudicial that the case should be reversed. He relies on Adams Construction Co. v. Bentley, Ky., 335 S.W. 2d 912; Moorman Mfg. Co. v. Harris, 280 Ky. 845, 134 S.W.2d 936 and Kentucky & Indiana Terminal Railroad Co. v. Mann, Ky., 312 S.W.2d 451. Appellee counters by arguing that the complaint demanded $35,000.00 for loss of appellee's power to earn money, and for pain and suffering and $15,000.00 for medical and hospital bills and for nursing services incurred and to be incurred. The verdict was as follows: "We the jury do agree to give the plaintiff the sum of $22,000.00 judgment against Norman Carruba, truck driver."

There was no separation of the award for pain and suffering, loss of power to earn money and medical expenses.

The Adams case announced the principle that " * * * if the amount of recovery be found as a mattter of law clearly to exceed the damages authorized under the evidence the verdict must, on proper motion, be set aside." Moorman holds that " * * * instructions should not authorize recovery on any item in excess of the damages proven." The judgment in the Mann case was reversed because it was found that it was so large as to indicate that an error in the instructions was prejudicial. For the reasons stated herein we find that the law announced in these cases does not authorize a reversal in the case now before us.

■ The instruction complained of was more favorable to appellant than it should have been inasmuch as it should have stated medical bills expended and medical expenses which might reasonably be expended in the future by Myrtle Speno who was made an invalid by the accident and will be confined to a wheel chair throughout her lifetime. The verdict did not exceed the pleadings and the evidence. Lee v. Stamper, Ky., 300 S.W.2d 251. The jury having found Carruba negligent, and in the light of the injuries sustained by Mrs. Speno, the verdict appears to be conservative. We reiterate our statement made in Kentucky & Indiana Railroad Co. v. Mann, supra, wherein we said that " * * * the better practice in cases like this, where there are several separate major items of damage, is to require an itemized verdict"; however, we have carefully considered this contention and have concluded that reversible error was not committed. 22 Am. Jur.2d 453, section 348; Scott v. San Bernardino Valley Traction Co., 152 Cal. 604, 93 P. 677.

Myrtle Speno cross-appeals on the claim that the lower court was in error in crediting the verdict against Carruba by the $9,000.00 which was paid by the insurance carrier of Mr. Speno. Carruba cites McCallum v. Harris, Ky., 379 S.W.2d 438; Standard Sanitary Mfg. Co. v. Brian's Adm'r., 224 Ky. 419, 6 S.W.2d 491 as authority on his assertion that he is entitled to the credit.

In Carruba's third-party complaint against Mr. Speno he demanded contribution and indemnity. CR 14.01. Mr. Speno answered denying his negligence and any further liability and pleading alternately that if Carruba was entitled to contribution or indemnity Mr. Speno should have credit for the $9,000.00 which was paid.

The court submitted to the jury the issue of negligence, if any, on the part of Mr. Speno and directed the jury to find against him if they found that he failed to perform any of the duties imposed upon him under the instructions. The jury did not find negligence on the part of Mr. Speno. Carruba is not entitled to credit. We find that McCallum v. Harris, supra, and Standard Sanitary Mfg. Co. v. Brian's Adm'r., supra, relied upon by Carruba are not in point. Mr. Speno was held not to be a "wrongdoer." The applicable law is set forth in Deatley's Adm'r v. Phillips, Ky., 243 S.W.2d 918, wherein we said:

"Appellant cites the Wisconsin case, Papenfus v. Shell Oil Co., 254 Wis. 233, 35 N.W.2d 920, wherein it was found that a settlement was necessarily considered a gratuity, because the jury found the party making the payment not to be a joint tort-feasor. It is similarly true in this case. By its verdict against defendant the jury in fact found the C. & O. not to be a joint tort-feasor. Consequently, the court erred in crediting the judgment with the voluntary and gratuitous amount paid by the C. & O. Railway Company. To that extent the judgment is reversed."

In Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137, we held with respect to the cross claim that the issues of contribution and indemnity " * * * were effectively eliminated by the jury verdict which exonerated that co-defendant." Speno having been exonerated by the jury was not a tort-feasor, therefore, the payment of $9,000.00 must be treated as voluntary, for which Carruba is entitled to no credit.

The judgment is affirmed on the appeal and is reversed on the cross-appeal with directions that it should not be credited with $9,000.00.

All concur.