**Otha BELL, Administrator of the Estate of Billy Hogan, Deceased, Appellant,**

v.

**Phillip COOKSEY, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

R. B. Bertram, Bertram & Bertram, Monticello, for appellant.

Eddie Lovelace, Hicks & Lovelace, Albany, for appellee.

JAMES S. SHAW, Special Commissioner.

Appellant's intestate, Otha Bell, instituted an action against Phillip Cooksey under the wrongful death statute, KRS 411.130, seeking to recover damages for loss to the estate of Billy Hogan, deceased, plus the recovery of the funeral expenses. It is alleged that Billy Hogan's death was caused by the negligent and careless operation of a motor ve-

hicle driven by Cooksey on Highway No. 127, near the home of Lowell Collins in Clinton County. Cooksey pleaded contributory negligence on the part of Billy Hogan as a defense to the action against him, trial was held, the issues submitted to a jury and a verdict and finding of "Not Guilty" by the jury. Judgment was entered in the lower court in accord with the verdict, and an appeal has been perfected to this court seeking a reversal on a number of grounds which we will consider.

This accident occurred September 13, 1964, in Clinton County on Highway No. 127 in front of the residence of Lowell Collins about 4:30 p.m. as Cooksey was driving in a general northerly direction on the highway. Billy Hogan was standing beside his bicycle with a soft drink in his hand, having momentarily stopped in front of the Collins' home in the process of enjoying his drink, and on the metal surface of the road. The highway was more or less straight for a distance of a quarter mile or more, and Cooksey drove this distance at a speed of thirty miles per hour without slackening his speed any and ran into the bicycle and body of Billy Hogan, killing him. Appellee's explanation for this conduct was that the sun was shining so bright in his eyes that "it nearly blinded me" for two tenths of a mile or a thousand feet, before he struck the boy. He further testified that he had a sun visor in his car, but although blinded by the sun, he failed to have in use the sun visor when the accident occurred. Mrs. Collins, the only actual eyewitness to this sad event, saw Billy before he was struck, saw that Cooksey travelled about a half mile during which time Billy could have been seen, had Cooksey looked, and that there was nothing on the highway to block the view of Cooksey. Mrs. Collins' testimony was not contradicted by Cooksey although testimony was presented tending to show that she could not have seen the accident.

In addition to the above, the appellee testified that there was nothing to obstruct his view, and when asked why he didn't see Billy, he answered, "I don't know." After further interrogation, he responded, "From the time I could see him as he was standing there?" and "not over two-tenths of a mile where he was standing," both of which answers suggest that he saw Billy standing beside the road before hitting him. This was the essence of the testimony given relating to liability. At the conclusion of all the testimony, a motion for directed verdict on behalf of the appellant was overruled by the court. Following the verdict of the jury and judgment of the court a motion for a new trial was overruled as was a motion for judgment n.o.v. To reverse this judgment the appellant prosecutes this appeal. The facts are not in dispute, and the only thing this court is concerned with is the question as to whether or not these facts have been properly evaluated and a proper application of the law has been made by the trial court.

The general rule of law is that if there is evidence that a driver blinded by the rays of the sun continues to proceed ahead, causing injury to another in or near the roadway, this has been held to justify or require a finding of actionable negligence. Many of the states have adopted the so-called "assured clear distance" rule which requires a motorist to operate his vehicle, when blinded by lights or sun, or his view has become obstructed, so as to be able to stop within the "assured clear distance" ahead. In other words, a motorist when blinded by sun, fog, smoke or other vision obstructing element, must either stop or proceed at such a rate of speed that he would be able to stop in time to avoid striking any object in the road ahead. Kentucky has not seen fit to adopt this rule in so many words, but has judged each case and appeal on its own factual merits presented by the record. We have rejected the rule requiring a blinded motorist to stop or proceed at his peril and have adopted the rule that the motorist must slacken his speed and have his car under such control as ordinary care requires under the circumstances of each case. See

Greyhound Corporation v. Hounshell, Ky., 351 S.W.2d 64.

The factual situation in this case reveals that appellant was not *suddenly blinded by the sun*, but was blinded for a distance of nearly a quarter of a mile. Further, that in spite of his vision problem, he continued at the same rate of speed until after he had run down Billy Hogan, and that at all times he had a sun visor available in his car but failed to use it. The finding of guilty of negligence as a matter of law upon the appellee by this court must be predicated upon what he did or failed to do after he had become blinded. One may become suddenly blinded, but the question is what he does after he becomes blinded—from that point, what does the driver do in the exercise of ordinary care? He must exercise all ordinary and reasonable care and diligence to avoid an injury to anyone who might rightfully be on the road in front of him, if he couldn't see ahead of him because of the bright sunlight in his eyes.

Applying the law to the facts of this case, can we say that the appellee reduced his speed using ordinary care or at all? We cannot. Can we say that he used ordinary care by the use of an available sun visor? We cannot. Can we say he took one single solitary measure in the exercise of ordinary care for a distance of one quarter mile to protect or prevent injury to anyone using the highway at that time and place? We cannot. The appellant was guilty of negligence as a matter of law, and for this reason there was a failure on the part of the trial court to properly apply the law to the facts of this case.

The court calls attention to the digest of cases in 22 A.L.R.2d 292 et seq.; Barth v. Reichert, 34 Ill.App.2d 472, 181 N.E.2d 609; Ball v. Sears Roebuck & Co., 5 Cir., 223 F.2d 695; Dinkins v. Jackson Brewing Co., La.App., 57 So.2d 52, and the following Kentucky cases directly bearing upon the question involved—Louisville & I. R. Co. v. Bedford's Adm'r, 203 Ky. 583, 262 S.W. 941;

Marsee v. Hunt's Adm'x, 246 Ky. 503, 55 S.W.2d 376; Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S.W.2d 1066; Slusher v. Brown, Ky., 323 S.W.2d 870.

In the case of Trevillian v. Boswell, 241 Ky. 237, 43 S.W.2d 715, 719, involving an obstruction to vision situation, this court held:

"In support of his argument for an instruction on an 'unavoidable accident,' he insists that dust interfered with the vision of the driver of his truck. If his vision was interrupted by a cloud of dust, it was his duty to exercise ordinary care under that condition to avoid a collision with other vehicles on the highway. Best's Adm'r v. Adams, 234 Ky. 702, 28 S.W.(2d) 484. If he continued to travel with the knowledge of the presence of a cloud of dust which interfered with his vision, and with his operation of the truck with due regard to the presence and safety of other vehicles on the highway, in that event it was his duty, if necessary to avoid the collision, to bring his truck to a stop. Barnes & Bro. v. Eastin, supra; Dulaney v. Sebastian's Adm'r, 239 Ky. 577, 39 S.W.(2d) 1000; Ware v. Saufley, 194 Ky. 53, 237 S.W. 1060, 24 A.L.R. 500."

The question of contributory negligence of the decedent does not arise in this case. Billy Hogan was less than fourteen years of age, and there was no evidence introduced in the trial tending to prove that he possessed capabilities for contributory negligence. The trial was had prior to our decision in Williamson v. Garland, Ky., 402 S.W.2d 80, so that the trial court properly declined to instruct on contributory negligence. The appellee does not contend that he was entitled to a contributory negligence instruction.

For the reasons herein set out, the judgment of the trial court is reversed with directions to enter judgment on behalf of the appellant, administrator of the estate of Billy Hogan, deceased, and to properly submit

to a jury the question as to the damages to be awarded the estate.

WILLIAMS, C. J., and PALMORE, MONTGOMERY, HILL, STEINFELD, and MILLIKEN, JJ., concur.

OSBORNE, J., dissents.