**George R. HOLT, Jr., Plaintiff-Appellee,**

v.

**The CONTINENTAL INSURANCE COMPANY, Defendant-Appellant.**

No. 20410.

United States Court of Appeals,
Sixth Circuit.

March 30, 1971.

---

S. J. Milligan, Greeneville, Tenn., for defendant-appellant; Milligan, Silvers, Coleman & Fletcher, Greeneville, Tenn., on brief.

Richard W. Pectol, Johnson City, Tenn., for plaintiff-appellee; Thomas E. Mitchell, Johnson City, Tenn., on brief.

Before WEICK, McCREE and BROOKS, Circuit Judges.

BROOKS, Circuit Judge.

This is an appeal from a jury verdict imposing liability on defendant-appellant, Continental Insurance Company, for acting in bad faith in investigating and failing to settle an automobile accident claim against plaintiff-appellee, George R. Holt, Jr., within the $15,000 limits of his insurance policy. In the state trial arising from the automobile accident, the jury returned a verdict finding plaintiff negligent and awarded a judgment against him for $35,000 and costs. Plaintiff then brought this diversity action in District Court against his insurance carrier seeking to recover the difference between the limits of his policy and the amount of the judgment rendered against him. The jury returned a verdict for plaintiff for this amount and defendant insurance company has appealed.

The automobile accident out of which this controversy arose occurred on January 27, 1967 at 7:20 a. m. Plaintiff was returning home from working the evening shift at his place of employment. As he came over a crest of a hill, travelling at about 50 m. p. h., he became aware that a school bus had stopped to pick up children, all traffic was halted, and a car was stopped 40 to 50 feet directly in front of him. Plaintiff, unable to stop in time, collided with the rear of the stopped car, propelling it into another stopped car facing the opposite direction. The driver of the car plaintiff struck in the rear was Mark McCann. McCann filed the state action which resulted in recovery of the $35,000 judgment against plaintiff. Following the exhaustion of state appeals, and an appeal to the United States Supreme Court, Continental paid into the state court the $15,000 representing the amount of coverage afforded by plaintiff's policy.

On this appeal Continental raises a single issue. It is contended that the District Court, 325 F.Supp. 283, erred in not granting Continental's motion for a directed verdict and in overruling its motion for judgment notwithstanding the verdict because the record lacked substantial credible evidence to support the jury verdict.

Tennessee law respecting the claim of bad faith or negligence in an insurance company's handling of a claim against one of its insured is clear and may be found succinctly explained in Southern Fire & Casualty Company v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785 at 790 (1952). Mere mistake of judgment, following honest and fair investigation, does not constitute bad faith, Perry v. United States Fidelity & Guaranty Company, 49 Tenn.App. 662, 359 S.W.2d 1 (1962), nor does bad faith exist "when there is a reasonable probability that the insured will not be found negligent, or that recovery against him may be held below the policy limits." Tennessee Farmers Mutual Insurance Company v. Wood, 277 F.2d 21, 42 (6th Cir. 1960) (Per Judge Weick, dissenting). However, in considering the issue of bad faith, the jury may conclude from circumstantial evidence that bad faith or negligence occurred in the company's handling of the case. Tennessee Farmers Mutual Insurance Company v. Wood, *supra* at 25. And, "If the proof, in the light of all the relevant circumstances, and inferences to be drawn therefrom is such as to leave a reasonable basis for disagreement among reasonable minds, the question of good faith of the insurer in handling of the claim and conducting compromise negotiations is for the jury." State Automobile Insurance Company of Columbus, Ohio v. Rowland, 221 Tenn. 421, 431, 427 S.W.2d 30, 34 (1968), citing Southern Fire & Casualty Company v. Norris, *supra*.

Having reviewed the record of the trial in District Court, it is concluded

that it was proper for the Court to have permitted the jury to resolve the material conflicts in testimony concerning defendant insurance company's handling of the claim against its insured. Several of these conflicts in testimony directly involved the question of whether defendant insurance company acted in bad faith or negligently in handling the claim. For example, there were variances in testimony over whether plaintiff Holt ever admitted to being at fault in the accident to opposing counsel and to the insurance company's counsel which represented him. There was also conflict in testimony as to the insurance company's actual handling of the case. Thus, plaintiff Holt testified he was ill-informed as to the progress of his case and had been once told by the insurance company's counsel that the case had been settled. The company denied ever having told plaintiff his case was settled or not having kept plaintiff thoroughly informed as to settlement offers and the general progress made in his case.

Besides these conflicts in testimony concerning the mechanics of the handling of the case there was a dispute over defendant insurance company's actual knowledge of the extent of McCann's compensable injuries. The company's largest settlement offer was $6,500, and this reflected its adjuster's assessment of McCann's claim at not being valued in excess of $4,500. The company had received documented figures that McCann's special damages alone were in excess of $3,200. While the medical testimony elicited at trial was inconclusive as to the residual effect of McCann's injuries, there appeared to be a consensus that there would be some residual pain from the injuries lasting for an indefinite period of time, and a rare likelihood that McCann would ever be able to return to performing the type of work he did before the accident.

It seems clear, if the jury resolved the conflicts in testimony in favor of plaintiff Holt, it could conclude as it did, that Continental did not act in its insured's best interest in refusing to offer settlement within the limits of the insurance coverage. Most notable is the conflicting testimony about plaintiff's admissions of liability and Continental's alleged failure to keep plaintiff informed as to the progress of the action against him. The District Court, faced with these and other material conflicts in testimony, properly permitted the jury to resolve the question of credibility. The jury's resolution of credibility in favor of plaintiff Holt resulted in a case where "the proof * * * and inferences to be drawn therefrom [were] such as to leave a reasonable basis for disagreement among reasonable minds, [and] the question of good faith [or negligence] of the insurer in handling of the claim * * * [was] for the jury." State Automobile Insurance Company of Columbus, Ohio v. Rowland, *supra*. It cannot be said that once the jury resolved the conflicts in testimony there was insufficient evidence upon the record as a whole to support its verdict.

The judgment is affirmed.