**Joe CARRUBA, Administrator of the Estate of Norman Carruba, Plaintiff-Appellant,**

v.

**TRANSIT CASUALTY COMPANY, Defendant-Appellee.**

**No. 20704.**

United States Court of Appeals, Sixth Circuit.

May 27, 1971.

8. See note 1, supra.

James S. Greene, Jr., Harlan, Ky. (Greene & Forester, Harlan, Ky., on the brief), for appellant.

Charles E. Duncan, Louisville, Ky. (Duncan & Lehnig, Louisville, Ky., Roy E. Tooms, Jr., Brown & Tooms, London, Ky.), for appellee.

Before PHILLIPS, Chief Judge, and PECK and BROOKS, Circuit Judges.

BROOKS, Circuit Judge.

This is an appeal from a jury verdict denying recovery to plaintiff-appellant, Joe Carruba, administrator of his father's estate, upon the claim that defendant-appellee, Transit Casualty Company, acted in bad faith in failing to settle an automobile accident claim within the $10,000 limits of his father's insurance policy.[1] In the state trial arising from the automobile accident, the jury returned a verdict finding Norman Carruba vicariously liable for the negligence of the driver of his vehicle and awarded a judgment against him for $22,000. However, the trial court credited against this judgment $9,000 repre-

---

1. The facts surrounding the automobile accident out of which this controversy arose are reported in Carruba v. Speno, Ky., 418 S.W.2d 398, 399–401 (1967), and will not be repeated here.

senting a settlement received in the state court by the plaintiff, Myrtle Speno, from the insurance carrier which had the liability coverage on the vehicle in which she was a passenger at the time of the accident. Following the jury's verdict, Transit refused to settle the judgment against its insured for $9,500, electing instead to prosecute an appeal. Upon the appeal to the Kentucky Court of Appeals, the credit of $9,000 was reversed and the $22,000 judgment was affirmed. Carruba v. Speno, 418 S.W.2d 398 (1967). This present action, initiated in state court but removed to federal district court, sought to recover the difference between the limits of the insurance policy and the amount of the judgment rendered against the estate of Norman Carruba. Joe Carruba was substituted as plaintiff when his father died during the pendency of this action.

The first issue raised by plaintiff on this appeal is the contention that the District Court erred in failing to grant plaintiff's motions for a directed verdict and for judgment notwithstanding the verdict. We conclude from our review of the record in this case that defendant's conduct certainly cannot be characterized as a model of the fair balancing of the conflicting interests between an insurance company's right to minimize its liability and, on the other hand, afford maximum protection to its insured. However, the law in Kentucky as to what constitutes "bad faith" in an insurer's failure to fulfill its contractual obligations to its insured is extremely restrictive. In Harrod v. Meridian Mutual Insurance Company, Ky., 389 S.W. 2d 74, 76 (1965), it is stated that:

> " 'Bad Faith' is a general and somewhat indefinite term. It has no constricted meaning. It cannot be defined with exactness. It is not simply bad judgment. It is not merely negligence.
>
> "It imports a dishonest purpose of some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It par-

takes of the nature of fraud. * * * It means 'with actual intent to mislead or deceive another'. * * *"

See also, Detenber v. American Universal Insurance Company, 372 F.2d 50 (6th Cir. 1967), cert. denied 389 U.S. 987, 88 S.Ct. 413, 19 L.Ed.2d 479, and cases cited therein.

■■ Moreover, Kentucky has adopted the approach followed elsewhere, see Holt v. Continental Insurance Company, 440 F.2d 652 (6th Cir. 1971); Tennessee Farmers Mutual Insurance Company v. Wood, 277 F.2d 21 (6th Cir. 1960), that where reasonable minds may differ on the inferences to be drawn from the evidence "the question of good faith of the insurer in the handling of the claim and conducting compromise negotiations is for the jury." Harrod v. Meridian Mutual Insurance Company, *supra*, at pp. 76–77. On the record in this case, it cannot be said that the insurance company acted in "bad faith" as a matter of law thus warranting a directed verdict for plaintiff, nor can it be said, viewing the evidence and reasonable inferences therefrom most favorably to the defendant, that the jury verdict was unsupported by substantial credible evidence. We conclude that the District Court properly denied plaintiff's motions for a directed verdict and for judgment notwithstanding the verdict.

■ Another contention for reversal advanced by plaintiff is that 1) the District Court erred in admitting into evidence for jury consideration the transcript of the state court trial, and 2) not admitting into evidence the opinion of the Kentucky Court of Appeals in the appeal of the state court decision. In deciding the question of whether defendant insurance company acted in bad faith in handling the claim against its insured, or in failing to settle that claim, the jury had to have before it all the information germane to that issue. The facts developed at the state trial were of crucial significance in resolving the issue of whether the insurance company's conduct in handling the matter,

and in not settling, amounted to bad faith. State Farm Mutual Automobile Insurance Company v. Marcum, Ky., 420 S.W.2d 113, 120 (1967). Therefore, it was not error for the District Court to have admitted into evidence the transcript of the state court trial.

 Respecting the allegation that it was error not to admit the written appellate opinion of the Kentucky Court of Appeals in the appeal of the state court verdict, plaintiff argues that the opinion tended to show how futile it was for Transit to have appealed, and that because of this futility the inference could be drawn that Transit's continued refusal to settle was the result of bad faith. Transit counters maintaining that admission of the appellate opinion would have constituted error since the jury would have then been permitted to use hindsight in deciding whether Transit's decision to appeal rather than settle was prompted by a sincere although mistaken belief in the strength of its case or by bad faith.[2] Neither party has cited authoritative support for its position, nor has research uncovered any meaningful precedent, but the logic of defendant's argument is persuasive. The jury had the responsibility of determining whether Transit acted in bad faith in prosecuting the appeal rather than settling, and in the absence of a finding of bad faith, liability cannot be established by merely showing that Transit committed

an error of judgment in electing to appeal. Georgia Casualty Company v. Mann, 242 Ky. 447, 46 S.W.2d 777 (1932). Admission of the reasoning contained in the appellate opinion would have tended to create the erroneous impression that the jury was permitted to assess the wisdom of the decision to appeal subsequent to the time when Transit was required to weigh the relevant facts and decide on a course of action. Viewed in this light, it was not prejudicial error to have excluded the appellate opinion.

██ Plaintiff's final principal argument is that the instructions did not adequately explain that Transit's duty to act in good faith in handling the claim against its insured, and in considering settlement offers, was a responsibility which continued during the period in which a decision was being made to appeal. The District Court instructed that:

"It was the duty of the defendant insurance company to exercise good faith in determining whether to accept or reject the offers of settlement described in the evidence, which included the duty to investigate the accident and claims in suit to such an extent that it would be in a position to exercise an honest judgment as to the merits of such claims and whether they should be settled, considering the interests of its insured, Norman Car-

2. It seems that the District Court's rationale for excluding the written opinion paralleled the logic here advanced by defendant. However, the record is not altogether clear and the following colloquy is all that reinforces this conclusion.

Plaintiff's Counsel: "If Your Honor Please, I have a copy of the Opinion of the Court of Appeals of Kentucky in the case of Norman Carruba v. Myrtle Speno, et al. as recorded in 418 S.W.2d, beginning at Page 398.

"I would like to have the Clerk mark that Exhibit M, and move its admission into evidence."

The Court: "Is there any objection, Gentlemen?"

Defendant's Counsel: "Yes, Your Honor."

The Court: "Well, certainly it's admissible to show what happened on the appeal, but not the reasoning or what they said about it.

"Let it be tendered and the Court sustains the objection and declines to permit it to be filed or read."

Plaintiff's Counsel: "Can we let it go in by avowal?"

The Court: "Yes, if you Gentlemen agree to it, let it be considered a part of the record by way of avowal, but not read to the jury.

"Does that take care of it, Gentlemen?"

Defendant's Counsel: "I don't see how we could object to that."

ruba, as well as its own. In order to find against the insurance company you must believe that its conduct in failing to settle the plaintiff's claim for the amount of the policy limits was of such an arbitrary and reprehensible nature as to constitute bad faith, meaning conscious doing of wrong, or breaching a known duty through some motive of interest or ill will."

The criticized instruction was both adequate and accurate. It is clearly implicit in the instruction, if not explicit, that Transit's duty to exercise good faith in all aspects of its handling of the claim against its insured was a continuing duty. Instructions are to be considered as a whole and where they fairly and adequately cover material issues, it is not error to refuse to give requested instructions, even though they correctly state the law. Bridger v. Union Railway Company, 355 F.2d 382 (6th Cir. 1966); Cobb v. Union Railway Company, 318 F.2d 33 (6th Cir. 1963), cert. denied, 375 U.S. 945, 84 S.Ct. 352, 11 L. Ed.2d 275; United States Fidelity and Guaranty Company v. Canale, 257 F.2d 138 (6th Cir. 1958).

The judgment is affirmed.

Moore, Circuit Judge, concurred and filed an opinion.