IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2004 Session

## ROBERT STEVEN JOHNSON v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-106-98     Dale Workman, Judge**

_____

**No. E2004-00250-COA-R3-CV - FILED MARCH 9, 2005**

_____


SHARON G. LEE, J., Dissenting

I concur with the majority's decision affirming the trial court's denial of Tennessee Farmers Mutual Insurance Company's motion for directed verdict, but I respectfully dissent from the majority's decision reversing the jury's verdict based on the jury charge and comments to the jury. I would affirm the jury verdict in favor of the Plaintiff, Robert Steven Johnson.

This case presents three issues: (1) whether there was sufficient evidence to allow a jury to determine whether the insurer was guilty of bad faith relative to its refusal to settle the liability claim against its insured; (2) whether the jury charge, considered in its entirety and as a whole, fairly defined the legal issues involved and did not mislead the jury; and (3) whether statements made by the trial court affected the jury verdict or resulted in prejudice to the judicial process.

I agree with the majority's decision that there was sufficient evidence to allow the jury to determine whether the insurer was guilty of bad faith. But unlike the majority, I do not believe that it was a close question, as there was an abundance of material evidence to support the jury's verdict.

In ruling on a motion for directed verdict, the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party, construe all evidence in that party's favor and disregard all countervailing evidence. *Eaton v. McLain*, 891 S.W. 2d 587, 590 (Tenn. 1994). The trial court may grant the motion only if reasonable minds could reach only one conclusion from the evidence. *Id.* Appellate courts apply the same standard in reviewing the trial court's decision on a directed verdict. *Gaston v. Tennessee Farmers Mutual Insurance Company*, 120 S.W. 3d 815, 819 (Tenn. 2003).

This case began over 10 years ago when a vehicle driven by Robert Steven Johnson left its lane of travel, crossed a median, and struck a vehicle in the oncoming lane driven by Christopher J. Moore. Johnson testified he was attempting to dodge a white van driven by John Doe, although there

was no contact between Johnson and the white van. Moore was very seriously injured and sued Johnson for damages. The jury awarded Moore the amount he sued for - $387,500 - finding Johnson 50% at fault and John Doe 50% at fault. Johnson appealed the adverse verdict to this court and, in rendering our decision, we said:

> Construing the evidence as we must, we find that there is material evidence in the record to support a finding that the defendant [Johnson] was 50% at fault for the accident. The defendant testified that he was traveling between 53 and 57 miles per hour when he attempted to pass the white van. The speed limit at the site of the accident was 55 miles per hour. Thus, the jury could have reasonably concluded from all of the evidence, especially the dynamics of the accident, that the defendant was traveling in excess of the posted speed limit when the van [John Doe] swerved into his lane. There is also material evidence from which the jury could have concluded that the defendant's speed adversely affected his ability to control his vehicle and avoid a collision with the plaintiff's vehicle as he moved his vehicle to the left. The defendant testified that the van came about halfway into this lane, *i.e.*, about six feet. The evidence reflects that each lane of the highway was 12 feet wide, and the paved median separating the northbound and southbound lanes were 4 feet wide. The defendant's vehicle was 5 feet wide. From these facts, the jury could have reasonably concluded that the defendant had sufficient room to avoid the white van without hitting the plaintiff's vehicle and that his failure to do so was because of his speed.
>
> The trial court was correct in denying the defendant's motion for directed verdict. There is material evidence to support the jury's verdict allocating 50% of the fault to the defendant.

*Moore v. Johnson*, No. E2000-00385-COA-R3-CV, 2000 WL 1424930, at * 2-3, 2000 Tenn. App. LEXIS 633 at * 6-8, (Tenn. Ct. App. E.S., filed Sept. 26, 2000) *appl. perm. appeal denied March 19, 2001*.

After his defeat at the hands of the jury and his loss in the appellate court, Robert Steven Johnson sued Tennessee Farmers Mutual Insurance Company alleging bad faith, and specifically bad faith by failing to conduct a proper investigation; bad faith by failing to evaluate Plaintiff's exposure to liability under comparative fault; bad faith by failing to exercise good faith and diligence in protecting the interest of the insured; bad faith by subjecting the insured to an unreasonable risk of personal liability; bad faith by failing to place the interest of its insured equal to its own; and bad faith in failing to reasonably negotiate a compromise settlement based on knowledge of facts which would lead the insurer to know that there was a likelihood that a jury would render a substantial verdict against its insured in excess of his liability policy limits.

Tennessee Farmers Mutual Insurance Company decided within 2 weeks of the collision that no settlement would be offered to Moore. Tennessee Farmers Mutual Insurance Company never changed its position as to liability as the case proceeded to trial twenty-eight months later. Given the severity of Christopher Moore's injuries, the inference of speed on the part of Robert Steven Johnson, the width of the lanes, the absence of contact with the John Doe vehicle, and the low limits of Robert Steven Johnson's liability insurance policy, it was certainly foreseeable that a jury would place some degree of fault on Robert Steven Johnson and return a verdict in excess of Johnson's policy limits. Did these actions of the part of Tennessee Farmers Mutual Insurance Company constitute bad faith? The jury decided that it did and I agree.

Robert Steven Johnson paid Tennessee Farmers Mutual Insurance Company a premium and in return Tennessee Farmers Mutual Insurance Company agreed to insure Robert Steven Johnson according to the terms and conditions of its insurance policy. Robert Steven Johnson owed Tennessee Farmers Mutual Insurance Company the duty of full cooperation. Tennessee Farmers Mutual Insurance Company owed Robert Steven Johnson the duty of exercising good faith and diligence in protecting Robert Steven Johnson's interest since Tennessee Farmers Mutual Insurance Company had exclusive control over the investigation, settlement, and litigation of the claim. *Southern Fire & Casualty Co. v. Norris*, 35 Tenn. App. 657, 250 S.W. 2d 785 (Tenn. Ct. App. 1952), *Aycock Hosiery Mills v. Maryland Casualty Co.*, 157 Tenn. 559, 11 S.W. 2d 889 (Tenn. 1928), *State Automobile Ins. Co. v. Rowland*, 221 Tenn. 421, 427 S.W. 2d 30 (Tenn. 1968), *Tennessee Farmers Mutual Ins. Co. v. Hammond*, 43 Tenn. App. 62, 306 S.W. 2d 13 (Tenn. App. 1957), See Fleissner & Campbell, *Tenn. Automobile Liability Insurance* (2002 ed.), § 8-2, § 8-3.

"[I]n order to honestly discharge its duty to compromise within the policy limits, an insurer must exercise ordinary care and diligence in the investigation of the accident *and* the extent of the damage for which the insured may be held liable." *Southern Fire & Casualty Co. v. Norris,* 250 S.W. 2d at 790. [Emphasis added]. Tennessee Farmers Mutual Insurance Company's conduct departed from the required standard of care. As discovery proceeded and more facts were learned about the collision, Tennessee Farmers Mutual Insurance Company never changed from its initial position that its insured was not at fault and therefore no settlement offer would be made to Moore. This was true despite facts which should have put Tennessee Farmers Mutual Insurance Company on notice of the need to reevaluate its position, such as speed on the part of its insured, the insured's apparent inattention to the roadway conditions, the width of the lanes, the width of the median, and the position of the John Doe vehicle in the insured's lane of travel. Moreover, it does not appear that Tennessee Farmers Mutual Insurance Company at any time considered the extent of damages sustained by Christopher Moore and the likelihood of a large verdict. Under comparative fault, the extent of damages of the injured party and the possibility of some fault being placed on the insured cannot be ignored by the insurer in deciding whether to engage in settlement negotiations.

The insured has the burden of proving that the insurer acted in bad faith. *Southern Fire & Casualty Co. v. Norris*, 250 S.W. 2d at 790-791. A departure from the standard of ordinary care in the investigation and settlement of claims can result in liability for bad faith on the part of the insurer. *Aycock Hosiery Mills v. Maryland Casualty Co.*, 11 S.W. 2d at 892.

-3-

Bad faith is generally proven by circumstantial evidence. Facts which have supported findings of bad faith are negligence in the investigation of the case, *Southern Fire & Casualty Co. v. Norris*, 250 S.W. 2d at 791; indifference to the interest of the insured, *Coppage v. Fireman's Fund Ins. Co.*, 379 F. 2d 621, 623 (6th Cir. 1967); *Roberts v. American Fire & Casualty Co.*, 89 F. Supp. 827 (1950); *Vanderbilt University v. Hartford Accident & Indemnity Co.*, 109 F. Supp. 565 (1952); willingness on the part of the insurer to gamble with the insured's money in an attempt to save its own money, *Goings v. Aetna Casualty & Surety Co.*, 491 S.W. 2d 847, 851 (Tenn. Ct. App. 1972), *Tennessee Farmers Mutual Ins. Co. v. Wood,* 277 F. 2d 21, 34 (6th Cir. 1960); disregard of the financial interests of the plaintiff in the hope of escaping full liability; and failure to keep the insured advised of the status of the case, *Goings v. Aetna Casualty & Surety Co.*, 491 S.W. 2d at 851, *Southern Fire & Casualty Co. v. Norris,* 250 S.W. 2d at 791.

Bad faith can be premised on conduct that is either fraudulent *or* in bad faith. *Southern Fire & Casualty Co. v. Norris,* 250 S.W. 2d at 790. There was no allegation or proof that Tennessee Farmers Mutual Insurance Company engaged in fraudulent or dishonest activity. Failure to exercise good faith in regard to its duties towards its insured is a sufficient basis for liability on the part of the insurer. *MacLean v. Tennessee Farmers Mutual Ins. Co.*, No. O1A-01-9407-CH-00320, 1994 WL 697857, 1994 Tenn. App. LEXIS 735 (Tenn. Ct. App., filed Dec. 14, 1994).

There was sufficient evidence for the jury to find that Tennessee Farmers Mutual Insurance Company failed to conduct a proper investigation and failed to properly evaluate Plaintiff's exposure to liability. Tennessee Farmers Mutual Insurance Company failed to consider all the relevant factors and chose to rely solely on its initial determination that Johnson was 0% at fault. This tunnel vision resulted in a verdict in excess of Johnson's policy limits.

There was ample circumstantial evidence of Tennessee Farmers Mutual Insurance Company's failure to act with due diligence based on its apparent failure to consider:

- the severity of Moore's injuries:
  Moore's undisputed injuries included a fractured skull and resulting damages to the frontal lobes of his brain; a crushed right eye; broken nose; broken jaws; chipped teeth; upper lip ground off; fingers of his left hand partially ground off; scars on his face, shoulders, and hands; broken back; and a loss of hearing in his right ear. This resulted in memory problems; speaking problems; vision problems; guitar playing problems and a loss of smell and taste. His medical bills were stipulated to be $75,000.00.

- the extent of Johnson's liability insurance coverage:
  $25,000 - the bare statutory minimum in Tennessee.

- Johnson's liability:

  According to Johnson's testimony, John Doe, the driver of the van, came about 6 feet into his lane; each lane of the highway was 12 feet wide; the paved median separating the northbound and southbound lanes was 4 feet wide; Johnson's vehicle was 5 feet wide; Johnson was traveling at 53-57 mph and the speed limit was 55 mph; there was no contact between the white van and Johnson; Johnson could remember the name of the rock group that was playing on the radio at the time of the crash; and Johnson never observed Moore approaching him in the on-coming lane before the crash.

- the law:

  Under the law of comparative fault, the jury could apportion fault between the two drivers- Johnson and John Doe.

There were more than sufficient facts from which the jury could reasonably have concluded that Johnson was at least partially at fault for the collision and that Moore, being seriously injured, was entitled to a large verdict. Thus, the conclusion that a large verdict was likely with some degree of fault assigned to Tennessee Farmers Mutual Insurance Company's insured was not only foreseeable, but almost certain. To make matters worse, Johnson had minimal policy limits of $25,000 and so, even a 10% finding of fault by the jury as to Johnson could result in an excess verdict and expose Johnson to personal liability. Thus, once Tennessee Farmers Mutual Insurance Company decided not to negotiate on behalf of its insured and not to accept the injured party's offer to settle for the policy limits of Johnson's coverage, the die was cast and the likely outcome was not favorable to the insured. All of these factors taken together point to a lack of due diligence on the part of Tennessee Farmers Mutual Insurance Company. It was not fraudulent or dishonest activity, but rather, a failure to consider all the relevant factors that constituted bad faith in this case.

Although Tennessee Farmers Mutual Insurance Company was following the advice of counsel in not offering Moore a settlement, advice of counsel is not a complete defense. Counsel often gives his or her advice and recommendations in the heat of battle. Tennessee Farmers Mutual Insurance Company was required to objectively evaluate the case and the possibility of its insured's liability and could not blindly follow the advice of its attorney. Reliance on the advice of counsel is just one factor to review in considering whether the insurer acted with due diligence and does not insulate the insurer from a bad faith excess judgment. *Cotton States Mutual Ins. Co. v. Trevethan*, 390 So. 2d 724, 728 (Fla. Dist. Ct. App.1980), See Annotation*, Reliance On, Or Rejection Of, Advice Of Counsel As Factor Affecting Liability In Action Against Liability Insurer For Wrongful Refusal To Settle Claim*, 63 A.L.R. 3d 725 (1975). In this case, counsel's advice was neither dishonest nor fraudulent, just wrong, and Tennessee Farmers Mutual Insurance Company owed its insured its own objective, informed judgment.

Tennessee Farmers Mutual Insurance Company cannot escape liability for bad faith by making what it believes to be an honest dollar evaluation against its insured. *Goings v. Aetna Casualty & Surety Co.*, 491 S.W. 2d at 850-851 (Tenn. Ct. App. 1972). It is from all of the relevant

circumstances that the issue of good faith is to be determined. Tennessee Farmers Mutual Insurance Company only considered the version of facts supporting the insured's lack of liability and did not consider Moore's serious injuries, the possibility of some fault being placed on its insured, the potential verdict, the insured's low policy limits, and the consequences of failure to settle as to the insured.

In this case, Tennessee Farmers Mutual Insurance Company could have paid $25,000.00 to Moore under the liability portion of Johnson's policy and forever ended Johnson's exposure. Johnson's private counsel requested this settlement on his behalf and Moore's counsel in the underlying tort action offered to settle for the limits of Johnson's policy. However, Tennessee Farmers Mutual Insurance Company elected to pay Moore $25,000.00 under Moore's uninsured motorist policy thereby leaving Johnson exposed to an excess verdict. This was circumstantial evidence from which the jury could have concluded that Tennessee Farmers Mutual Insurance Company was indifferent to the interests of the insured or failed to consider all the relevant factors.

Therefore, the jury had abundant evidence on which to base its finding of bad faith on the part of Tennessee Farmers Mutual Insurance Company.

The next issue for review is whether the trial court erred in not charging four of Tennessee Farmers Mutual Insurance Company's requested jury instructions. When issues regarding the jury charge are raised on appeal, we review the jury charge in its entirety and consider it as a whole in order to determine whether the trial court committed prejudicial error. The jury charge will not be invalidated as long as it fairly defines the legal issues involved and does not mislead the jury. *Otis v. Cambridge Mutual Fire Ins. Co*., 850 S.W. 2d 439, 446 (Tenn. 1992).

The charge given to the jury by the trial court tracked the law regarding bad faith as set forth in *Southern Fire & Casualty Co. v. Norris,* and provided in pertinent part as follows:

> In this case the plaintiff sues the defendant for bad faith under his liability insurance policy for failure to settle within the policy limits. In a prior lawsuit against the plaintiff by Christopher Moore, a jury has previously awarded a judgment against the plaintiff for an amount in excess of the limits of liability under the policy issued to the plaintiff by the defendant. The issue for the jury to decide is whether the insurance company's decision not to settle and submit that case to the jury was quote "bad faith" end quote.
>
> An insurance company has a duty to deal fairly with the insured and act honestly according to its best judgment. An insurance company has no duty to settle a claim against an insured merely because a settlement can be made within the policy limits.
>
> A mere mistake in judgment by the insurance company does not constitute quote "bad faith" end quote. Quote "bad faith" by the

insurance company is, one, failure to investigate a claim to such an extent that it would be in a position to exercise honest judgment as to whether a claim should be settled, or two, failure to fairly consider the facts relative to the accident and a claimant's injuries known to it whether they are the actual facts or not and deciding whether the insured should or should not settle, or three, failure of the insured with the right to control the litigation and settlement to fairly consider the rights and interest of the insured as compared to the interest of the insurance company.

The insured has the burden of proof to establish by a preponderance of the evidence that the insurance company acted in bad faith by not settling the claim within the policy limits prior to the trial of the claim. An insurance company has a right to assume that the insured is acting in good faith and telling the truth when he furnishes information concerning the facts and circumstances surrounding the act or acts over which the claim arises. Good faith requires the company to investigate the claim to such an extent that it will be in a position to exercise an honest judgment as to whether the claim should be settled. The material question is not what the actual facts of the accident were, but whether the facts relative to the accident and injuries were known to the insured and its agents which they should have considered in deciding whether it should or should not settle an action brought against the insured as a reasonable thing to be done. A mere mistake in judgment will not constitute bad faith, that is, if the insurer dealt fairly with the insured and acted honestly and according to its best judgment, it is not liable as it owed its insured no duty to settle merely because a settlement could be made within the limits of the policy. The insured surrenders to the insurer the right to investigate and compromise or contest claims knowing that in the event of a claim the insurer will have its own interest to consider. But the insured also has a right to assume that his interest will not be abandoned merely because the insurer faces a prospect of a full loss under the policy. The relationship is one of trust, calling for reciprocity of action. The insured, you understand under his policy, owes a duty of full cooperation; the insurer, the duty of exercising good faith and diligence in protecting the interest of its insured. And insurer cannot escape liability for bad faith by considering only what appears to be for its own interest. It must also equally consider the impact of its decisions upon its insured and deal fairly and in good faith.

If Tennessee Farmers made an honest and fair investigation of the claim against Robert Johnson and exercised reasonable judgment

based upon that investigation, then a mistake in judgment is not bad faith and will not render it liable for failure to settle the claim. There's no duty to settle a claim merely because settlement could have been reached within the policy limits. If a failure to negotiate a settlement is a result of a reasonable business judgment made after weighing all of the interests, then there is no liability, even if the decision not to settle turns out to be quite wrong. Tennessee Farmers was not guilty of bad faith if it had an honest belief under all the circumstances that Robert Johnson's actions were not the proximate cause of the accident, and all liability would be avoided on that basis.

Tennessee Farmers Mutual Insurance Company's first requested jury charge, identified as "A"[1] in the majority opinion, is a correct statement of the law of bad faith in Tennessee as set forth in *Southern Fire & Casualty Co. v. Norris*. This requested charge was not necessary because it was already included in the charge with the exception of the reference to "fraudulent." This was not in error because the plaintiff never alleged that the Tennessee Farmers Mutual Insurance Company's conduct was fraudulent; the plaintiff never proved that the Tennessee Farmers Mutual Insurance Company's conduct was fraudulent. Therefore, there was no reason for the trial court to charge the jury that refusal to settle "must be fraudulent *or* in bad faith." The only issue was whether the refusal to settle was in bad faith.

Tennessee Farmers Mutual Insurance Company's second requested jury instruction, identified as "B"[2] in the majority opinion, defines bad faith as importing a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will or partaking of the nature of fraud, and it embraces an actual intent to mislead or deceive another." In Tennessee, it is not necessary to prove fraud or dishonest conduct to succeed in a bad faith refusal to settle a case. Bad faith can be proven by circumstantial evidence of a lack of diligence in investigation and settlement of the claim. It is sufficient to show for example, the willingness of the insurer to gamble with the insured's money in an attempt to save its own or failure to consider the impact of its decision on its insured.

More importantly, however, while requested jury charge "B" set forth the definition of bad faith as generally found in BLACKS LAW DICTIONARY 176 (4th ed. 1968) and by the Kentucky Court of Appeals in *Harrod v. Meridian Mut. Ins. Co.*, 389 S.W. 2d 74, 76 (1965), as cited by the

---

[1]Tennessee Farmers Mutual Insurance Company's requested jury instruction "A":
   Mere negligence on the part of an insurance company in failing to settle a claim against its insured is not sufficient to impose liability against the insurance company. Before an insurance company can be held liable for failing to compromise or settle a claim, the refusal to settle within the policy limit must be fraudulent or in bad faith.

[2]Tennessee Farmers Mutual Insurance Company's requested jury instruction "B":
   Bad faith embraces more than bad judgment or negligence and it imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud, and it embraces an actual intent to mislead or deceive another.

Kentucky Court in *Carruba v. Transit Cas. Co.*, 443 F. 2d 260 (6th Cir. 1971), it did not accurately state the law in Tennessee.

No case in Tennessee has adopted the definition of bad faith provided in the Kentucky case of *Harrod v. Meridian Mut. Ins. Co.* Tennessee courts have defined bad faith as breach of duty to exercise reasonable diligence and caution. *Southern Fire & Casualty Co. v. Norris,* 35 Tenn. App. 657, 250 S.W. 2d 785 (Tenn. Ct. App. 1952*).* Moreover, the Kentucky Court of Appeals retreated from this definition of bad faith in its subsequent decision in *Manchester Ins. & Indemnity Co. v. Grundy*, 531 S.W. 2d 493 (1975). Kentucky adopted a definition similar to the one set forth by the Tennessee Court of Appeals in *Southern Fire & Casualty Co. v. Norris,* as noted in *Matt v. Liberty Mutual Ins. Co.*, 798 F. Supp. 429, 433 (W.D. Ky.1991), as follows:

> For several years the law of Kentucky on the issue of bad faith tracked the *Marcum, Harrod* and *American Surety* decisions. Then in *Manchester Ins. & Indem. Co. v. Grundy*, *Ky.* 531 S.W. 2d 493 (1976) the court revisited the issue of bad faith and in so doing overruled *American Surety, Harrod*, and *Marum,* in part. Further, the court outlined several factors to be considered in bad faith actions:
>
> 1. probability of recovery;
>
> 2. probability that recovery will exceed policy limits;
>
> 3. negotiations with respect to settlement;
>
> 4. offers to settle for less than policy limits; and
>
> 5. whether the insured demanded that the insurer settle.
>
> In light of these five factors and opining that last minute settlement offers which preclude an insurer from adequately evaluating the offer receive less weight, the court formulated the following test for judging whether an insurer's conduct rises to the level of bad faith:
>
> > Did the insurer's failure to settle expose the insured to an unreasonable risk of having a judgment rendered against him in excess of the policy limits?

See also *Motorists Mutual Ins. Co. v. Glass*, 996 S.W. 2d 437 (Ky.1997).

Had the trial court given requested jury instruction "B" as a part of its charge, the trial court would have committed error since this is not the law in Tennessee (or in Kentucky).

Tennessee Farmers Mutual Insurance Company's third requested jury charge, identified as "C"[3] in the majority opinion, was not necessary as it was adequately covered in the trial court's jury charge.

Tennessee Farmers Mutual Insurance Company's fourth requested jury charge, identified in "D"[4] of the majority opinion, provides that Tennessee Farmers did not have to settle or pay the uninsured motorist claims of Christopher Moore, unless or until they obtained a judgment against John Doe. There was much discussion during the trial of the payment of the uninsured motorist claims. Tennessee Farmers Mutual Insurance Company argued that it paid both Moore and Johnson under the uninsured motorist coverage of their policy when it was not obligated to do so. The plaintiff argued that the timing of the payment (actually the delay in payment) evidenced an indifference to the interest of the insured. This evidence regarding payment of the uninsured motorist claims cut both ways. The trial judge, however, properly admonished the jury that the timing of the uninsured motorist payments was not to be considered bad faith as follows:

> Whether or not Tennessee Farmers properly paid or improperly delayed payment in Mr. Johnson's uninsured motorist claim does not mean they are guilty of bad faith in failing to pay the claim of Mr. Moore on Mr. Johnson's liability coverage.

Therefore, the Tennessee Farmers Mutual Insurance Company's requested instructions were not necessary and the trial court's refusal to give this charge was not in error.

Finally, Tennessee Farmers Mutual Insurance Company takes issue with certain comments made by the trial court in the presence of the jury. Specifically, judges are prohibited from commenting upon evidence in a case pursuant to Tennessee Constitution Article VI, Section 9. Trial judges, therefore, "must be very careful not to give the jury any impression as to his [or her] feelings or to make any statement which might reflect upon the weight of credibility or evidence on which might sway the jury." *Mercer v. Vanderbilt University, Inc*., 134 S.W. 3d 121, 134 (Tenn. 2004), citing *State v. Suttles*, 767 S.W. 2d 403, 407 (Tenn. 1989). However, not every comment on the evidence is grounds for reversal. *Kanbi v. Sousa*, 26 S.W. 3d 495, 499 (Tenn. Ct. App. 2000). The trial court's comment must be reviewed in the overall context of the case to determine whether the comment was prejudicial. *State v. Caughron*, 855 S.W. 2d 526, 536-37 (Tenn. 1993).

---

[3]Tennessee Farmers Mutual Insurance Company's requested jury instruction "C":
> Bad faith on the part of an insurer is a frivolous or unfounded refusal to pay the proceeds of the insurance policy. Such conduct imports a dishonest purpose and means a breach of the duty of good faith and fair dealing through some motive of self-interest or ill will. Mere negligence or bad judgment is not bad faith.

[4]Tennessee Farmers Mutual Insurance Company's requested jury instruction "D":
> . . . [T]hat Tennessee Farmers did not have any duty to settle or pay the uninsured motorist claims of either Christopher Moore or Robert Johnson unless or until they obtained a judgment against John Doe.

The first statement cited as error by Tennessee Farmers Mutual Insurance Company related to the offset provision of the policy. Although the trial court did incorrectly say that "I hold that is not what the policy provides", this did not rise to the level of prejudice that is required for a finding of a new trial. This comment was 1 line on 1 page of a transcript consisting of 799 pages. It did not likely affect the outcome of the case.

Tennessee Farmers Mutual Insurance Company also takes issue with statement made by the trial judge to the effect that "everybody knew he [Buxton] was representing Tennessee Farmers." Overwhelming evidence was introduced which indicated that Buxton, although hired by Tennessee Farmers Mutual Insurance Company, represented Johnson. In addition, the trial court cured any error in its jury instruction when he said:

> Mr. Buxton was the attorney for Mr. Robert Johnson. Tennessee Farmers did not have the right to control the details of Mr. Buxton's performance, the attending strategy or tactics he employed, or limit his professional discretion in regard to the representation. And I therefore charge you that Tennessee Farmers would not be liable for any negligence of Mr. Buxton as Mr. Johnson's attorney. However, Mr. Buxton also had a duty to report to Tennessee Farmers as to the investigation, evaluation, and representations as to the liability claim against Mr. Johnson.

Both of the comments made by the trial judge cited as error by Tennessee Farmers Mutual Insurance Company was harmless within the context of the trial. Because the evidence was overwhelming in favor of the plaintiff, neither is sufficient to show prejudice or to have affected the outcome of the trial.

For the reasons stated herein, I would affirm the judgment of the trial court.

SHARON G. LEE, JUDGE

-11-